UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALI ALSARAJ, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF STATE, *et al.*,

    *Defendants*.

Civil Action No. 24 - 3399 (LLA)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ali Alsaraj, a U.S. citizen residing in the United States, and his parents, foreign nationals Buraq Al Siraj and Sameerah Kaba, seek to compel Defendants—the U.S. Secretary of State, the U.S. Embassy in Oman, various State Department officials, and Kash Patel in his official capacity as the Director of the Federal Bureau of Investigation ("FBI")—to adjudicate Mr. Al Siraj's and Ms. Kaba's immigrant visa applications. ECF No. 1.[1] Plaintiffs claim that their visa applications have been unreasonably delayed in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361. ECF No. 1 ¶¶ 29-30. Defendants have moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 40. For the reasons explained below, the court will grant the motion insofar as it seeks dismissal of FBI Director Patel but otherwise deny it.

---

[1] Plaintiffs named several government officials in their official capacities as Defendants, *see* ECF No. 1 ¶¶ 13-21, and their successors are "automatically substituted" as parties pursuant to Federal Rule of Civil Procedure 25(d).

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The court draws the following facts, accepted as true, from Plaintiffs' complaint. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). It further takes judicial notice of "information posted on official public websites of government agencies." *Arab v. Blinken*, 600 F. Supp. 3d 59, 63 n.1 (D.D.C. 2022).

The Immigration and Nationality Act ("INA") provides that a U.S. citizen or lawful permanent resident may petition for a qualifying relative to receive permanent residency in the United States. 8 U.S.C. § 1154. There are several steps to the process. First, the sponsor must file a Form I-130 Petition for Alien Relative with the U.S. Customs and Immigration Services ("USCIS"). *Id.*; *see* 8 C.F.R. § 204.2(f) (2025); USCIS, *I-130 Petition for Alien Relative*.[2] If the USCIS approves the petition, it transfers the case to the U.S. State Department's National Visa Center ("NVC"). 8 C.F.R. § 204.2(f)(3). The foreign national must then submit a DS-260 Immigrant Visa Application to the NVC and await an interview with a consular officer. 22 C.F.R. §§ 42.61, 42.62, 42.67. At the conclusion of the interview, "the consular officer must [either] issue the visa [or] refuse the visa." *Id.* § 42.81(a). If the consular officer determines that he does not have sufficient information to establish visa eligibility, he may "refuse" the visa pending further administrative processing pursuant to Section 221(g) of the INA, which typically consists of additional information-gathering. U.S. Dep't of State, *Administrative Processing Information*;[3] *see* 8 U.S.C. § 1201(g); *Giliana v. Blinken*, 596 F. Supp. 3d 13, 18 (D.D.C. 2022).

In August 2021, Mr. Alsaraj filed I-130 petitions on behalf of his father, Mr. Al Siraj, and his mother, Ms. Kaba. ECF No. 1 ¶ 2; *see id.* at 15-16 (Ex. A). The USCIS approved

---

[2] *Available at* https://perma.cc/DR4Z-5PNR.

[3] *Available at* https://perma.cc/RH7T-J7US.

Mr. Al Siraj's petition in June 2022, *id.* ¶ 2, and Mr. Al Siraj was interviewed at the U.S. Embassy in Oman in February 2023, *id.* ¶ 5. After the interview, the Embassy informed Mr. Alsaraj that Mr. Al Siraj's visa application "was being held for administrative processing and that the Embassy would contact him when the administrative processing was completed." *Id.* ¶ 7; *see id.* at 24-25 (Ex. D).

The USCIS approved Ms. Kaba's petition in January 2023, *id.* ¶ 2, and Ms. Kaba was interviewed at the U.S. Embassy in Oman in May 2023, *id.* ¶ 6. After the interview, the Embassy informed Mr. Alsaraj that Ms. Kaba's visa application "was being held for administrative processing and that the Embassy would contact her when the administrative processing was completed." *Id.* ¶ 8; *see id.* at 27-28 (Ex. E).

Plaintiffs "have been told that there is no foreseeable date at which time the administrative processing will be completed." *Id.* ¶ 26. The delay in the adjudication of Mr. Al Siraj's and Ms. Kaba's visa applications has "deprived [Mr. Al Siraj and Ms. Kaba] of the substantial benefits of being able to join [Mr.] Als[a]raj in the safety of the United States," including being able to live and work in the United States. *Id.* ¶ 37. The family has also had to withstand being separated "for a very long time." *Id.*

In December 2024, Plaintiffs filed a complaint seeking to compel Defendants to adjudicate Mr. Al Siraj's and Ms. Kaba's visa applications. ECF No. 1. Defendants have moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 40. The matter is fully briefed. *See* ECF Nos. 40 to 42.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action unless the plaintiffs can establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction. *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177-78 (D.D.C. 2007). In reviewing a motion to dismiss under Rule 12(b)(1), the court "is not limited to the allegations set forth in the complaint" and "'may consider materials outside the pleadings.'" *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)). Additionally, when reviewing such a motion, the court is required to "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

### B. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss under Rule 12(b)(6), the court will accept the factual allegations in the plaintiffs' complaint as true and draw all reasonable inferences in their favor. *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *see also Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In determining whether a complaint fails to state a claim, a court may consider only the facts alleged in the complaint and "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)).

### III. DISCUSSION

Defendants raise three arguments in their motion to dismiss: (1) that FBI Director Patel must be dismissed because he cannot provide the relief requested, ECF No. 40, at 4-5; (2) that the doctrine of consular nonreviewability bars consideration of Plaintiffs' claim, *id.* at 9-13; and (3) that Plaintiffs fail to identify a discrete agency action that Defendants were obligated to, but did not, take, *id.* at 5-9.[4] The court considers each argument in turn.

---

[4] In a departure from similar cases, Defendants do not argue for dismissal based on the factors set forth in *Telecommunications Research & Action Center v. Federal Communications Commission*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("*TRAC*"), the very analysis required to evaluate a claim of unreasonable delay. ECF No. 40, at 1. Instead, in a footnote, Defendants claim that they will move for judgment on the pleadings based on the *TRAC* factors if the court denies their motion to dismiss. *Id.* at 1 n.1. While allowed by the Federal Rules of Civil Procedure, Defendants' approach strikes the court as an exercise in gamesmanship that increases litigation costs for the parties and taxes limited judicial resources. The court encourages Defendants to litigate more efficiently in the future.

### A.     FBI Director Patel

Defendants first argue that Plaintiffs lack standing to proceeding against FBI Director Patel because he neither caused Plaintiffs' injuries nor can provide them with their requested relief. ECF No. 40, at 4-5. Plaintiffs respond that Director Patel is a proper defendant because the FBI conducts background checks of visa applicants and thus may be a source of the delay in the adjudication of Mr. Al Siraj's and Ms. Kaba's visa applications. ECF No. 41, at 6-7. The court agrees with Defendants that Director Patel must be dismissed.

"[T]o establish standing as to each defendant, [a p]laintiff must show that his injuries are 'causal[ly] connect[ed]' to each defendant's conduct and 'likely' can be 'redressed by a favorable decision.'" *Zakeri v. Blinken*, No. 23-CV-3162, 2024 WL 3273418, at *3 (D.D.C. July 2, 2024) (third and fourth alterations in original) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). Plaintiffs allege that Director Patel "is responsible for overseeing the background checks involved with immigration matters," ECF No. 1 ¶ 21, and they posit that delays in those background checks "may be the reason that administrative processing is still causing delay regarding the adjudication of their immigrant visa applications," ECF No. 41, at 6. The trouble for Plaintiffs is that nowhere in their complaint do they allege any facts suggesting that the delay in the adjudication of Mr. Al Siraj's and Ms. Kaba's visa applications is attributable to the FBI. *See generally* ECF No. 1. "The 'sheer possibility' that the FBI played some role in the disputed delay is insufficient to allege standing." *Nusrat v. Blinken*, No. 21-CV-2801, 2022 WL 4103860, at *4 (D.D.C. Sep. 8, 2022) (quoting *Iqbal*, 556 U.S. at 678); *see Ba Tis v. U.S. Dep't of State*, No. 24-CV-219, 2025 WL 1906575, at *4 (D.D.C. Mar. 27, 2025) (dismissing claims where the plaintiff failed to allege that the Secretary of Homeland Security and FBI Director had a role in adjudicating his visa). At most, Plaintiffs allege that Director Patel has "responsibilities that

intersect with the adjudication of a visa application." *Ba Tis*, 2025 WL 1906575, at *4. Even after drawing all reasonable inferences in favor of Plaintiffs, their bare speculation that Director Patel "may" be a reason for the delay in adjudicating Mr. Al Siraj's and Ms. Kaba's visa applications is insufficient to suggest that he is either causally connected to or capable of redressing their alleged injury. *See* ECF No. 41, at 6. The court will accordingly grant Defendants' motion to dismiss Director Patel from the case.

### B.   Consular Nonreviewability

Defendants next argue that the court must dismiss under Rule 12(b)(6) based on the doctrine of consular nonreviewability. ECF No. 40, at 9-13.[5] In the context of visa adjudications, "[c]onsular nonreviewability shields a consular official's decision to issue or withhold a visa from judicial review, at least unless Congress says otherwise." *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021); *see Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024). However, "a long line of decisions from this Court have held that the consular nonreviewability doctrine applies only to final decisions and thus does not bar judicial review of a consular officer's delay when a visa application has been provisionally refused pending a final decision." *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 11 (D.D.C. 2022) (collecting cases).

In response to this longstanding precedent, Defendants point to the D.C. Circuit's decision in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *3 (D.C. Cir. July 24, 2024), arguing that while there may have previously been "some debate . . . as to whether the doctrine applie[s]

---

[5] It is well established that the doctrine of consular nonreviewability is not jurisdictional. *See Dep't of State v. Muñoz*, 602 U.S. 899, 908 n.4 (2024).

7

in cases seeking to compel action on visa applications in post-refusal administrative processes, *Karimova* necessitates an end to that debate." ECF No. 40, at 11. In Defendants' view, *Karimova* conclusively establishes that where a visa application has been refused under Section 221(g) and placed in administrative processing, a final decision has been rendered on the application. ECF No. 42, at 9-10; *see Karimova*, 2024 WL 3517852, at *2-3, *6. The court disagrees.

As an initial matter, the court notes—contrary to Defendants' assertion, ECF No. 40, at 6 n.2; ECF No. 42, at 1-4—that the D.C. Circuit's decision in *Karimova* does not bind it. The D.C. Circuit has twice declined to publish *Karimova*. *See Karimova*, 2024 WL 3517852, at *6; Order, *Karimova v. Abate*, No. 23-5178 (D.C. Cir. Sep. 10, 2024), Doc. No. 2074062, at 1. Under the D.C. Circuit's rules, "[w]hile unpublished dispositions *may* be cited[,] . . . a panel's decision to issue an unpublished disposition means that the panel *sees no precedential value* in that disposition." D.C. Cir. R. 36(e)(2) (emphases added).[6] This court takes the D.C. Circuit at its word and considers, but does not find itself bound by, *Karimova*.

Having considered *Karimova*, the court is not inclined to follow it. In *Karimova*, the plaintiff was in a position substantially similar to that of Mr. Al Siraj and Ms. Kaba: she had applied for a visa, interviewed at an embassy, and had her application "officially 'refused'" under

---

[6] Defendants cite D.C. Circuit Rule 32.1(b)(1)(B) for the proposition that unpublished opinions "may be cited as precedent," ECF No. 42, at 3 (quoting D.C. Cir. R. 32.1(b)(1)(B)), which is true as far as it goes. But as the D.C. Circuit has explained—in a published opinion that is binding on this court—"[w]hile [unpublished] dispositions have some precedential value, they are 'obviously . . . not of the same precedential value as would be an opinion of this Court treating the question on the merits.'" *In re Grant*, 635 F.3d 1227, 1232 (D.C. Cir. 2011) (quoting *Edelman v. Jordan*, 415 U.S. 651, 671 (1974)). Accordingly, these decisions "may be considered persuasive authority, but they do not constrain a panel of the [C]ourt from reaching a contrary conclusion in a published opinion after full consideration of the issue." *Id*. Other than their say-so, ECF No. 42, at 1-4, Defendants have pointed to no authority suggesting that this court should take a different approach.

Section 221(g) for further administrative processing.  2024 WL 3517852, at *2 (quoted sources omitted).  The D.C. Circuit, relying on various regulations and the Department of State's Foreign Affairs Manual ("FAM"), reasoned that placing an application in administrative processing must be a "final" decision because a relevant regulation instructed that a consular officer "*must* issue" or "refuse" a visa following an interview, *id.* at *1 (emphasis in *Karimova*) (quoting 22 C.F.R. § 42.81(a)), and because the FAM directed that, after an interview, "[c]onsular officers 'cannot temporarily refuse, suspend, or hold the visa for future action,'" *id.* (quoting 9 FAM § 504.1-3(g)).  Drawing on these sources, the D.C. Circuit characterized Ms. Karimova as requesting "yet another 'final decision' on her already-refused visa application," as opposed to a final decision in the first instance.  *Id.* at *6.

This interpretation places too much emphasis on the current language in the FAM—which does not carry the force of law, *see Aramnahad v. Rubio*, No. 24-CV-1817, 2025 WL 973483, at *7 (D.D.C. Mar. 31, 2025)—and too little emphasis on the allegations in a plaintiff's complaint and the realities of the visa-adjudication process, *see Al-Gharawy*, 617 F. Supp. 3d at 16 ("Although the State Department may 'choose[] to *characterize* a section 221(g) notification as a "refusal,"' that magic word is not a get-out-of-review-free-card . . . [and] the Court must examine [a plaintiff's] allegations to determine whether the complaint sufficiently alleges that the consular officer's 'refusal' was in fact an 'interim decision [that] is not sufficiently final to warrant the application of the [consular nonreviewability] doctrine.'" (citation omitted) (quoting *Vulupala v. Barr*, 438 F. Supp. 3d 93, 98 (D.D.C. 2020))).  It is impossible to square Defendants' assertion that placement in "administrative processing" was a *final* disposition of Mr. Al Siraj's and Ms. Kaba's visa applications with the allegations in Plaintiffs' complaint.  Plaintiffs allege that, after Mr. Al Siraj's and Ms. Kaba's interviews, they were informed that their visa applications had

9

been placed in "administrative processing" and that they would be contacted once that processing was complete. ECF No. 1 ¶¶ 7-8. In their brief in opposition, Plaintiffs further maintain that, after their interviews, Mr. Al Siraj and Ms. Kaba were directed to provide additional information to supplement their applications, which they did. ECF No. 41, at 5; *see* ECF No. 1, at 24-25 (Ex. D), 27-28 (Ex. E). Accepting the allegations in the complaint as true and drawing all inferences in Plaintiffs' favor—as this court must, *see Iqbal*, 556 U.S. at 678—Plaintiffs have sufficiently alleged that they have not received final decisions on Mr. Al Siraj's and Ms. Kaba's visa applications, *see Aramnahad*, 2025 WL 973483, at *8; *cf. Ibrahim v. Spera,* No. 23-CV-3563, 2024 WL 4103702, at *3 n.2 (D.D.C. Sep. 6, 2024) (noting "that it is extremely difficult to square [*Karimova*'s] analysis, which is based largely on agency regulations, with the communications that visa applicants actually receive from various consulates").

Plaintiffs do not challenge final decisions denying Mr. Al Siraj's and Ms. Kaba's visa applications, nor do they contend that this court should order the State Department to grant the applications. *See generally* ECF No. 1. Rather, Plaintiffs request only that Defendants "either grant or deny [Mr. Al Siraj's and Ms. Kaba's] pending immigrant visa applications." *Id.* ¶ 9. Several courts in this district have found, even after *Karimova*, that "the doctrine of consular nonreviewability does not bar challenges to timing as opposed to substance." *de Belinay v. Mayorkas*, No. 24-CV-240, 2025 WL 671120, at *4 (D.D.C. Mar. 3, 2025) (quoting *Shabestary v. Sanders*, No. 24-CV-362, 2024 WL 5118229, at *3 (D.D.C. Dec. 16, 2024)); *see, e.g.*, *Tolymbekova v. Rubio*, No. 25-CV-295, 2025 WL 2576312, at *4-5 (D.D.C. Sep. 5, 2025); *Mehrpooya v. Allen*, No. 24-CV-2340, 2025 WL 2549279, at *5-6 (D.D.C. Sep. 4, 2025); *Thein v. Trump*, No. 25-CV-2369, 2025 WL 2418402, at *7-10 (D.D.C. Aug. 21, 2025); *Shushkov v. Rubio*, No. 24-CV-2265, 2025 WL 2389939, at *4 (D.D.C. Aug. 18, 2025); *Hojjatoleslami v.*

10

*Rubio*, No. 24-CV-2871, 2025 WL 2159196, at *3 (D.D.C. July 30, 2025); *Diabin v. Rubio*, No. 24-CV-3374, 2025 WL 1824841, at *3 (D.D.C. July 2, 2025); *Aramnahad*, 2025 WL 973483, at *10; *Mahmoodi v. Altman-Winans*, No. 24-CV-2010, 2025 WL 763754, at *4-6 (D.D.C. Mar. 11, 2025); *Baygan v. Blinken*, No. 23-CV-2840, 2024 WL 3723714, at *4-5 (D.D.C. Aug. 8, 2024). *But see Rezvani v. Rubio*, No. 24-CV-3381, 2025 WL 1293358, at *2 (D.D.C. May 5, 2025) (noting that "the consular non-reviewability doctrine would likely apply" but dismissing suit for failure to sufficiently allege a non-discretionary duty).

This court follows the majority view and determines that Plaintiffs' action is properly understood as an attempt to compel two adjudications that have been unreasonably delayed, rather than one aimed at changing any final decisions that have already been rendered. Accordingly, the case is not barred by the doctrine of consular nonreviewability.

### C.     Non-Discretionary Duty

Defendants also contend that Plaintiffs have failed to allege that a "government agency or official" violated a "clear, non-discretionary duty"—a threshold requirement for a mandamus claim and a merits question for a claim of unreasonable delay under the APA. *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *see* ECF No. 40, at 5. Defendants argue that Plaintiffs cannot identify "a clear, non-discretionary duty requiring a consular officer to take any action on the Visa Application[s]." ECF No. 40, at 5. As support for this proposition, Defendants again point to *Karimova*, which they argue is "dispositive" of the claims presented. *Id*. at 6, 9.

In *Karimova*, the D.C. Circuit held that the plaintiff had "not identified an adequate legal basis" for her action seeking to "compel[] the consular officer overseeing her visa application to make yet another 'final decision' on her already-refused visa application." 2024 WL 3517852, at *6. The Court characterized the plaintiff as "argu[ing] that Section 555(b) [of the APA]—and

11

*only* Section 555(b)—'places a clear, non-discretionary duty' on her consular officer to re-adjudicate her already-refused application." *Id.* at *3. The Court easily determined that "Section 555(b) does no such thing" and instead "simply expresses 'a congressional view that agencies should act within reasonable time frames.'" *Id.* (quoting *Telecomms. Rsch. & Action Ctr. v. Fed. Commc'ns Comm'n*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("*TRAC*")).

The problem for Defendants is that this rationale is wholly inapplicable given this court's understanding of the visa process. *See supra* Part III.B. It may be true that Section 555(b) does not create a duty to *re*-adjudicate a final decision where one has already been made, but, as this court sees it, that is not what Plaintiffs are seeking. Instead, they are seeking an initial, final determination on their visa applications. In this way, any discussion of how Section 555(b) applies to requests to re-adjudicate final visa decisions means very little for a plaintiff who seeks an initial final decision and wishes for it to be made "within [a] reasonable time frame[]" as Section 555(b) requires. *TRAC*, 750 F.2d at 77.

Here, Plaintiffs have alleged that the APA and 22 C.F.R. § 42.81(a) impose a nondiscretionary duty on Defendants to adjudicate Mr. Al Siraj's and Ms. Kaba's visa applications. ECF No. 1 ¶¶ 34, 39.[7] Several courts in this district have concluded "that both the APA and State Department regulations create a clear duty to adjudicate visa applications within a reasonable time." *Rashidian v. Garland*, No. 23-CV-1187, 2024 WL 1076810, at *5 (D.D.C. Mar. 8, 2024); *see, e.g.*, *Tolymbekova*, 2025 WL 2576312, at *5-6; *Mehrpooya*, 2025 WL 2549279, at *7-8; *Thein*, 2025 WL 2418402, at *11; *Shushkov*, 2025 WL 2389939, at *5-6; *Diabin*, 2025 WL 1824841, at *3-4; *Aramnahad*, 2025 WL 973483, at *8-10; *Kahbasi v. Blinken*,

---

[7] Plaintiffs also rely on the FAM, *see* ECF No. 1 ¶ 34; ECF No. 41, at 10, but, as the court has explained, *see supra* at 9, the FAM does not have the force of law.

No. 23-CV-1667, 2024 WL 3202222, at *5 (D.D.C. June 27, 2024); *Ameer v. Schofer*, No. 23-CV-3066, 2024 WL 2831464, at *4 (D.D.C. June 4, 2024); *Vulupala*, 438 F. Supp. 3d at 100.  But see, e.g., *Ghasaban v. Rubio*, No. 24-CV-2946, 2025 WL 2506546, at *2-4 (D.D.C. Sep. 2, 2025); *Sabeti v. Blinken*, No. 24-CV-2627, 2025 WL 2457753, at *2-3 (D.D.C. Aug. 26, 2025); *Pour v. Rubio*, No. 25-CV-573, 2025 WL 2374559, at *4-7 (D.D.C. Aug. 14, 2025); *Seifan v. Sweeney*, No. 25-CV-261, 2025 WL 2171093, at *4-5 (D.D.C. July 31, 2025); *Javaid v. Armstrong*, No. 24-CV-2716, 2025 WL 2144100, at *2-3 (D.D.C. July 29, 2025); *Pasiukevich v. Lawton*, No. 24-CV-3349, 2025 WL 2023207, at *3-4 (D.D.C. July 17, 2025).

This court continues to adhere to the view that consular officials have a nondiscretionary duty to fully adjudicate visa applications.  Issuing a final decision on a visa application is clearly a discrete agency action, and it is required by both the APA and federal regulations.  *See Khazaei v. Blinken*, No. 23-CV-1419, 2023 WL 6065095, at *6 (D.D.C. Sep. 18, 2023); *see also Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003) (explaining that the APA "imposes a general but nondiscretionary duty upon an administrative agency to pass upon a matter presented to it 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action unlawfully withheld or unreasonably delayed,' *id.* § 706(1)").

But even if the court read *Karimova* with the D.C. Circuit's understanding that Section 221(g) refusals are final, it would still deny Defendants' motion to dismiss.  That is because—even taking the argument on the D.C. Circuit's own terms—*Karimova* did not hold that *no* source of law creates a nondiscretionary duty to re-adjudicate a visa application, just that "Section 555(b)—and *only* Section 555(b) . . . does no such thing."  2024 WL 3517852, at *3.

13

Plaintiffs here do not center their argument on Section 555(b), but on the APA more generally and 22 C.F.R. § 42.81(a).  ECF No. 1 ¶¶ 34, 39.  At this early stage of litigation, that is sufficient.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss, ECF No. 40, is **GRANTED** insofar as FBI Director Kash Patel is dismissed from the suit and **DENIED** in all other respects.  It is further **ORDERED** that Defendants shall respond to Plaintiffs' Complaint, ECF No. 1, on or before October 9, 2025.  Fed. R. Civ. P. 12(a)(4)(A).

_____
LOREN L. ALIKHAN
United States District Judge

Date:   September 25, 2025